IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

PATRICE DEAL, EXECUTRIX OF THE : Hon. Joseph H. Rodriguez
ESTATE OF GRACE DEAL, DECEASED,
: Civil Action No. 14-6444
    Plaintiff,

v. : OPINION

JENNIFER VELEZ, et al., :

    Defendants. :

This matter is before the Court on a motion for summary judgment pursuant to Fed. R. Civ. P. 56 filed by the sole remaining Defendant, Charles SanFilippo, Director of Burlington County Board of Social Services.[1] The Court has reviewed the submissions and decides the matter based on the briefs pursuant to Fed. R. Civ. P. 78(b). For the reasons stated here, Defendant SanFilippo's motion will be granted.

## Background

This case arises out of a series of applications for assisted living benefits made by or on behalf of decedent Grace Deal, which were originally denied by the State of New Jersey in conjunction with the Burlington

---

[1] Defendants originally named but dismissed from the case are Jennifer Velez, former Commissioner of New Jersey Department of Human Services ("DHS"), Meghan Davey, Director of New Jersey DHS Division of Medical Assistance and Health Services ("DMAHS").

1

County Board of Social Services ("BCBOSS"). Although the State eventually granted Deal's application, Plaintiff Patrice Deal, Executrix of the Estate of Grace Deal, asserts that Defendants wrongly determined that Grace Deal was not eligible for the Medicaid Waiver Program to cover assisted living services of $63,411.28 for the period from July 1, 2014 to February 28, 2015. Detailed facts regarding the application process and determinations of benefits are familiar to the parties and were outlined by the Court in its March 20, 2017 Opinion dismissing all claims except those asserted against Defendant SanFilippo.

Relevant to the instant motion is that on January 6, 2014, Grace Deal applied for Medicaid benefits through the Global Options Assisted Living Medicaid Waiver ("GO") Program, the only Medicaid funded program in New Jersey that covered benefits received for assisted living facilities. On March 4, 2014, BCBOSS, the county welfare agency, denied Deal eligibility for the GO Program because on December 13, 2013 she had entered into a Consent Order reducing the amount of monthly spousal support to which she was entitled pursuant to a March 17, 2010 settlement agreement which accompanied her Limited Divorce from Bed and Board from $2055 to $1,500. BCBOSS presumed that Deal's request for the Order decreasing her monthly support was improperly motivated to obtain Medicaid, which had

a $2,163 monthly income limit, contrary to N.J. Admin. Code 10:71-4.10(b)3, which prohibits disposal of assets at less than fair market value for five years prior to application for benefits.

Plaintiff timely filed an administrative appeal on March 12, 2014. On June 20, 2014, following a state administrative hearing, the administrative law judge issued an initial decision affirming the denial of Deal's eligibility. On August 1, 2014, the DMAHS issued a final agency decision affirming the administrative law judge's decision denying Deal GO Program eligibility. Plaintiff did not appeal that decision to the Superior Court of New Jersey, Appellate Division. Rather, on October 17, 2014, Plaintiff filed the Complaint in this case. Deal filed a second Medicaid application January 20, 2015 and set up a Qualified Income Trust the next day. She alleges that in processing this second application, Defendants required her to obtain judicial modification of her monthly spousal support payment back to $2055, which she did effective by court Order dated June 5, 2015. Deal passed away June 28, 2015.

On or about July 22, 2015, Deal was determined eligible for the Medicaid waiver program as of June 1, 2015, and based on undue hardship while seeking legal action to reverse the "transfer of assets," granted her eligibility effective March 1, 2015.

Plaintiff asserts violations of Deal's statutory rights as granted by the Federal Medicaid Act, enforceable under 42 U.S.C. § 1983. The Amended Complaint asserts claims for: (1) failure to establish an appropriate date of eligibility (July 1, 2014) in operation of a Medicaid Assisted Living Waiver in violation of 42 U.S.C. § 1396a(a)(34); (2) denial of due process in operation of the Medicaid AL Waiver in violation of 42 U.S.C. § 1396a(a)(3) by failing to notify Deal that she was denied coverage for the time between the effective date of eligibility (July 1, 2014) and the date in which she was enrolled; (3) failure to provide medical assistance with reasonable promptness in operation of the Medicaid AL Waiver in violation of 42 U.S.C. § 1396a(a)(8); (4) denial of due process in operation of the Medicaid AL Waiver by failing to give full faith and credit to the December 13, 2013 Superior Court Order reducing Plaintiff's spousal support; and (5) declaratory relief directing Defendants to properly process Deal's Medicaid application and determine her to be eligible for Medicaid effective July 1, 2014.

## Summary Judgment Standard

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson

v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56 (a). Thus, the Court will enter summary judgment in favor of a movant who shows that it is entitled to judgment as a matter of law, and supports the showing that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the

nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Andersen, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)). Indeed,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322. That is, the movant can support the assertion that a fact cannot be genuinely disputed by showing that "an adverse party cannot produce admissible evidence to support the [alleged dispute of] fact." Fed. R. Civ. P. 56(c)(1)(B); accord Fed. R. Civ. P. 56(c)(2).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Credibility determinations are the province of the factfinder. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

Discussion

Defendant SanFilippo argues that, on behalf of BCBOSS, he acts as an arm of the State in the initial processing of Medicaid applications, and therefore is entitled to Eleventh Amendment immunity. The Eleventh Amendment incorporates a general principle of sovereign immunity that bars citizens from bringing suits for damages against any State in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984). Sovereign immunity extends to State agencies and State officers, "as long as the state is the real party in interest." Fitchik v. N.J. Transit Rail Operations, 873 F.2d 655, 659 (3d Cir. 1989). It does not extend to counties and municipalities, despite their status as political subdivision of a state. Karns v. Shanahan, 879 F.3d 504, 513 (3d Cir. 2018) (citing Bolden v. Southeastern Pa. Transp. Auth., 953 F.2d 807, 813-14 (3d Cir. 1991)). The Court finds no precedent for Defendant's position here and declines to apply State law immunity to SanFilippo, a County Defendant.

Next, however, the Court finds that there are no facts in the record to indicate that Defendant SanFilippo had any involvement in denying

Plaintiff's eligibility for Medicaid benefits. Instead, the record reflects that Defendant SanFilippo was not involved in processing the two Medicaid applications at issue and he was not named Acting Director of BCBOSS until about March 2016. (Danks Cert. Ex. 1; SanFilippo Cert.) Vicarious liability is inapplicable to § 1983 suits. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). Accordingly, insofar as a claim has been asserted against him individually, summary judgment will be granted in favor of Defendant SanFilippo. Further, Plaintiff has produced no evidence at this summary judgment stage to sustain any of her claims of violations of the Medicaid Act or other legislation in denying coverage for assisted living services for the period from December 1, 2014 through February 28, 2015.

## Conclusion

For these reasons, Defendant SanFilippo's motion for summary judgment [73] will be granted. An appropriate Order will be entered.

Dated: February 20, 2018              /s/ Joseph H. Rodriguez
                                     JOSEPH H. RODRIGUEZ
                                           U.S.D.J.